### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| **STEPHEN R. JONES, individually and on behalf of similarly situated individuals**<br>　　**Plaintiff** | **CIVIL ACTION NO.** |
| v. | |
| **FIRST ADVANTAGE BACKGROUND SERVICES, CORP.**<br>　　**Defendant** | May 1, 2023 |

### CLASS ACTION COMPLAINT

#### I.   INTRODUCTION

1.   "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Sec. 1681e(b).

2.   Here, Defendant First Advantage Background Services, Corp. failed to follow reasonable procedures to assure maximum possible accuracy of the information contained in the criminal background check it sent to Costco regarding Plaintiff Stephen R. Jones in connection with his job application. Defendant falsely attributed to Plaintiff information about Stephen Wayne Jones, a different man, who had been convicted of drug trafficking. First Advantage failed to read the actual criminal docket of Stephen Wayne Jones and as a result falsely indicated to Costco that Plaintiff was a convicted drug dealer.

3.   First Advantage, due to its unreasonable and inaccurate procedures, which they willfully maintain, has reaped massive profits from selling false background reports regarding

thousands of other individuals about whom they were hired to conduct background investigations.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred here in Connecticut.

## III. PARTIES

6. Defendant First Advantage Background Services Corporation is a foreign corporation organized under the laws of the State of Florida with its principal place of business in Atlanta, Georgia. Defendant is a "CRA" within the meaning of 15 U.S.C. Sec. 1681a(f).

7. Plaintiff Stephen R. Jones is a Canadian citizen and an individual residing in Windsor Locks, Connecticut.

## IV. LEGAL PRINCIPLES

8. Background-check screening accuracy is crucial to the U.S. labor market. According to a 2018 survey, 95% of employers conduct one or more types of background screening; and 94% of those include some form of criminal history check. *See* Consumer Financial Protection Bureau, Market Snapshot: Background Screening Reports. Criminal Background Checks in Employment (October 2019).[1]

9. An inaccurate or misleading criminal history report can derail job offers, leaving job-seekers unemployed for significant periods of time. *See Williams v. First Advantage LNS Screening Solutions, Inc.*, 238 F. Supp. 3d 1333, 1341--42 (N.D. Fla. 2017), *aff'd in part*, 947

---

[1] Available at https://files.consumerfinance.gov/f/documents/201909_cfpb_marketsnapshot-background-screening_report.pdf.

2

F.3d 735 (inaccurate First Advantage background check reports caused plaintiff to lose two job offers, leaving him unemployed for several months).

10. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

11. "Whenever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15. U.S.C. Sec. 1681e(b). "A report is inaccurate under the FCRA when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Fernandez v. Rentgrow, Inc.*, 341 F.R.D. 174, 191 (D. Md. 2022) (internal alterations omitted; collecting cases). Courts have recognized that in certain circumstances, "'inaccurate credit reports by themselves can be fairly read as evidencing unreasonable procedures,' e.g., where a plaintiff's file contains internally inconsistent information." *Wenning v. On-Site Manager, Inc.*, 2016 WL 3538379, *16 (S.D.N.Y. June 22, 2016) (quoting *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984)).

12. The FCRA provides for an award of punitive damages for willful noncompliance with the statute in an amount "as the court may allow." 15 U.S.C. § 1681n(a)(1)(B), (a)(2). While malice or evil motive is not required to award punitive damages the defendant must have committed a willful violation by knowingly and intentionally committing an act in conscious disregard for the rights of others. *Stevenson v. TRW Inc.*, 987 F.2d 288, 293–94 (5th Cir. 1993).

## V.  **FACTS**

13.  Defendant is a corporation based in Atlanta, Georgia and is in the business of conducting and selling consumer background reports for a profit.

14.  Defendant's "National Criminal File is a database search of millions of criminal records, with 6000 to 8000 new records added daily, covering 50 states." FIRST ADVANTAGE BACKGROUND SERVS., CORP., https://fadv.com/solutions/employment-background-checks/#:~:text=Our%20National%20Criminal%20File%20is,plus%20Washington%20D.C.%20and%20Guam. (last visited Apr. 7, 2023).

15.  Defendant's "proprietary National Criminal Records File database … encompasses hundreds of millions of criminal records[.]" FIRST ADVANTAGE BACKGROUND SERVS., CORP., *2022 Annual Report*, pg. 9 https://investors.fadv.com/static-files/f892f1aa-b4a0-4d2a-944e-245235d2e2ce (last visited April 28, 2023).

16.  First Advantage reported that from 2010 to 2013, it prepared about 3.5 million reports and made 13,392 corrections due to customers successfully disputing records. *See* TechTarget, *Employee Background Check Errors Harm Thousands of Workers*, Patrick Thibodeau, https://www.techtarget.com/searchhrsoftware/feature/Employee-background-check-errors-harm-thousands-of-workers (Dec. 20, 2021).

17.  On information and belief, during the period of this claim, i.e., from May 1, 2021 to the present, Defendant has made approximately 10,000 corrections to errors it has made when issuing background reports.

18.  Defendant, in order to minimize overhead and maximize profits, willfully and intentionally, uses mostly automated procedures not designed to ensure maximum possible accuracy and intentionally minimizes the use of human employees whose work would need to be

paid for at least at the minimum wage. *See* FIRST ADVANTAGE BACKGROUND SERVS., CORP., *2022 Annual Report*, pg. 11, https://investors.fadv.com/static-files/f892f1aa-b4a0-4d2a-944e-245235d2e2ce ("We have been and will continue to be, pioneers in using automation and intelligent routing technologies to optimize turnaround times, quality, and touchless end-to-end screening.") (last visited April 28, 2023).

19. On information and belief, Defendant conducts over 1,000,000 background investigations per year and charges around $12 per investigation.

20. On or about October 10, 2021, Plaintiff applied in person for a job as a forklift operator with Costco Wholesale Corporation (Costco) at a hiring event in South Windsor, Connecticut.

21. Costco offered Plaintiff the position contingent on a successful background check.

22. Costco hired Defendant to conduct a background check on Plaintiff, indicating to Defendant that his name was Stephen R. Jones (i.e., including his middle initial) on or about October 10, 2021.

23. Defendant ran a "Social Security Verification" on Plaintiff revealing that between 1989 and 2021, Plaintiff lived in Enfield, Connecticut and Windsor Locks, Connecticut.

24. Defendant ran a background check on Plaintiff Stephen R. Jones on its "First Advantage National Criminal File Plus" and "First Advantage National Criminal File Plus WINDSOR LOCKS, HARTFORD, CT" databases.

25. Neither "National Criminal File" database returned any criminal records for Plaintiff.

26. Defendant ran a Connecticut Superior Court criminal search, which returned no criminal records for Plaintiff.

27. Defendant also searched the US District Court of Connecticut for information, purportedly on Stephen R. Jones. It included in its report to Costco that a record was found regarding a criminal conviction for an individual named Stephen Jones (no middle initial). That Stephen Jones was in fact Stephen Wayne Jones convicted on July 09, 2019 for "Conspiracy to Possess and Distribute Cocaine and Heroin" and was sentenced to serve a 60-month prison sentence.

28. In fact, when the name "Stephen R. Jones" is searched in the U.S. District of Connecticut federal court system, that system reports "No information was found that matched the search criteria entered."

**No information was found that matched the search criteria entered.**

| PACER Service Center |||| 
|---|---|---|---|
| Transaction Receipt ||||
| 04/26/2023 10:15:11 ||||
| **PACER Login:** | RickHayber | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Jones<br>First Name: Stephen<br>Middle Name: R |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Evidently, First Advantage did not include the middle initial "R" when it conducted its search, even though it reported that it had.

29. When the search is limited to "Stephen Jones" with no middle initial, a record is returned with docket number 3:18 CR 00081-SRU-15. That record when examined indicates that it is about Mr. Stephen Wayne Jones (*see, e.g.*, Document 559).

30. Defendant did not follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's criminal background report, including by failing to use Plaintiff's middle initial when it searched the District of Connecticut's docket and by failing to read sufficient documents in the docket to determine that it was about a Stephen Wayne Jones and not the Plaintiff.

31. As a result of Defendant's inadequate procedures, on or about October 12, 2021, Defendant sent Plaintiff's criminal background report to Costco falsely indicating that he had been convicted of "conspiracy to Possess and Distribute Cocaine and Heroin."

32. The criminal report First Advantage sent to Costco indicated that he had been sentenced to 60 months in prison in July 2019 and would have indicated to anyone reading this report in October 2021 that he was still in prison and was not likely the same person who appeared in person in South Windsor, Connecticut in October 2021.

33. Costco sent Plaintiff a letter in late October 2021 informing him that it would not hire him based on the results of his background check obtained from First Advantage.

34. Upon information and belief, Defendant has sent hundreds, if not thousands, of consumer reports falsely attributing negative background facts about consumers to third parties, including prospective employers, lenders and insurers.

35. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of those consumer reports, including Plaintiff's, in multiple ways, including but not limited to:

    a. Failing to use their middle initial when searching court records;

    b. Failing to contact consumers to obtain additional information when Defendant's internal databases show conflicting information

7

    regarding criminal convictions to resolve the conflict in its internal databases;

  c. Failing to obtain and/or review the actual criminal records to determine whether convictions contained in its database actually belongs to the consumer who is the subject of the report; and

  d. Failing to take any other reasonable steps as the circumstances require in order to avoid falsely attributing negative information about consumers to third parties.

36. Defendant could design and utilize better procedures which would result in a greater level of accuracy but intentionally does not in order to maximize its profits and maintain its market share.

37. As a direct and proximate result of Defendant's willful failure to follow reasonable procedures to assure maximum possible accuracy as to their criminal background checks, Plaintiff and the class suffered actual damages in the form of monetary damages, punitive damages, as well as attorneys' fees and costs.

## VI. CLASS ALLEGATIONS

38. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf a class of individuals as defined below:

All individuals about whom First Advantage conducted a criminal background investigation which resulted in a false report to a third party during the two years immediately preceding this Class Action Complaint and continuing on until the date of judgment and, after making that false report, later corrected the information contained in the report.

39. Class certification of the "15 U.S.C. Sec. 1681e(b) Class" is appropriate under Rule 23 of the Federal Rules of Civil Procedure.

40. The class is so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands of individuals about whom Defendant has made false reports of criminal convictions to third parties.

41. There are questions of law and fact common to the class, including whether Defendant employed reasonable procedures to ensure maximum possible accuracy of their consumer reports as to the class.

42. The claims of Plaintiff are typical of those of the class members. The claims of the Plaintiff encompass the challenged practices and course of conduct of Defendant. Furthermore, the claims of Plaintiff are based on the same legal theories as the claims of the putative class members. The legal issues as to the violation of the FCRA apply equally to Plaintiff and the class.

43. Plaintiff will fairly and adequately protect the interests of the class. The claims of the Plaintiff are not antagonistic to those of the putative class, and he hired counsel skilled in the prosecution of class actions.

44. Common questions of law and fact predominate over questions affecting only individuals.

45. This proposed class action is the superior method of adjudications because it presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## VII. <u>COUNT ONE:   WILLFUL VIOLATION OF 15 U.S.C. Sec. 1681e(b) AS TO THE CLASS</u>

46.    Defendant willfully violated 15 U.S.C. Sec. 1681e(b) as to Plaintiff and the class by failing to take reasonable steps to ensure maximum possible accuracy of Plaintiff and the Class's consumer report before sending it to third parties.

47.    As a direct and proximate result of Defendants' willful violation of the FCRA, Plaintiff and the class are entitled to statutory damages, punitive damages, and for attorney fees and costs under 15 U.S.C. § 1681n.

## VIII. <u>COUNT TWO:   NEGLIGENT VIOLATION OF 15 U.S.C. Sec. 1681e(b) AS TO PLAINTIFF INDIVIDUALLY</u>

48.    Defendant negligently violated 15 U.S.C. Sec. 1681e(b) as to Plaintiff by failing to follow reasonable procedures to assure maximum possible accuracy of his consumer report before sending it to Costco:

49.    As to plaintiff specifically, Defendant failed to use Plaintiff's middle initial when searching the court system, and failed to review documents contained in the docket to obtain more information to confirm if that record was about Plaintiff.

50.    If a person had reviewed the court docket, he/she would have learned:

    a.  From the Docket Sheet, that Stephen Jones was "committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 60 months" beginning on September 11, 2019;

    b.  From a March 30, 2021 Order, that Stephen Jones "grew up in and around New Haven" and had "multiple criminal convictions in Connecticut Superior Court."

        c. That the convict was in fact named Stephen Wayne Jones.

51. Upon learning that he was incorrectly identified as a convicted felon, Plaintiff became upset and lost sleep. Plaintiff also became concerned about his reputation.

52. Plaintiff visited the Windsor Locks, Connecticut police department to ensure that they did not have a criminal record for him it its records because he worried that if he was pulled over for a routine traffic stop, it might escalate into an arrest for a crime he did not commit.

53. As a direct and proximate result of Defendants' negligent violation of the FCRA, Plaintiff is entitled to actual damages, emotional distress damages, reputational damages, and attorney fees and costs under 15 U.S.C. § 1681o.

## IX. DEMAND FOR RELIEF

WHEREFORE, the Plaintiff claims:

1. Certification of this case as a class action;

2. Appointment of Plaintiff as class representative;

3. Appointment of Plaintiff's counsel as class counsel;

4. Statutory damages in an amount up to $1,000 per person under 15 U.S.C. Sec. 1681n;

5. Punitive damages under 15 U.S.C. Sec. 1681n;

6. Actual damages, including emotional distress and reputational damages under 15 U.S.C. Sec. 1681o;

7. Attorney's fees and costs under 15 U.S.C. Sec. 1681n-o;

8. A jury for all claims which may be tried to a jury; and

9. Any and all other relief as the court deems just and proper.

PLAINTIFF, STEPHEN R. JONES

By: _____
Richard Hayber, Esq. ct11629
Michael Petela, Esq. ct28251
Thomas Durkin, Esq. ct30371
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Ste 904
Hartford, CT 06103
Phone: (203) 522-8888
Fax: (860) 218-9555
rhayber@hayberlawfirm.com
mpetela@hayberlawfirm.com
tdurkin@hayberlawfirm.com
Attorneys for Plaintiff